**UNITED STATES BANKRUPTCY COURT**          <u>FOR PUBLICATION</u>
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

In re:                                                                Chapter 7

EVERTON ALOYSIUS STERLING.                            Case No. 14-12608 (SHL)



                                    Debtor.
-----------------------------------------------------------------x
WILLIAM K. HARRINGTON
the UNITED STATES TRUSTEE,                            Adv. No. 15-01288 (SHL)

                            Plaintiff,

                    vs.

EVERTON ALOYSIUS STERLING,

                            Defendant.
-----------------------------------------------------------------x
EVERTON ALOYSIUS STERLING,

                    Third-Party Plaintiff,

                    vs.

JACOB LEW, SECRETARY OF THE
UNITED STATES TREASURY, YANN
GERON, TRUSTEE, FOX ROTHSCHILD
LLP, RICHARD J. FOX, OFFICE OF THE
UNITED STATES TRUSTEE, LORETTA E.
LYNCH, OFFICE OF THE UNITED STATES
DEPARTMENT OF JUSTICE, THOMAS J.
CURRY, OFFICE OF THE COMPTROLLER
OF CURRENCY, and John and/or Jane Doe
No. 1 to John and/or Jane Doe, No. 50 Inclusive,
the last 50 name persons Being unknown
to Petitioner/Plaintiff, the persons and
parties Intended being entities or corporations,

                    Third-Party Defendants.
-----------------------------------------------------------------x


<u>**MEMORANDUM OF DECISION**</u>

**A P P E A R A N C E S:**

**UNITED STATES ATTORNEY FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**
*Counsel for the Third-Party Federal Defendants*
86 Chambers Street, Third Floor
New York, New York 10007
By:    Emily E. Bretz, Esq.
         Stephen Cha-Kim, Esq.

**EVERTON A. STERLING**
*Pro Se*
c/o General Post 341
Bronx, NY 10469-9998

**UNITED STATES DEPARTMENT OF JUSTICE**
**OFFICE OF THE UNITED STATES TRUSTEE**
201 Varick Street, Room 1006
New York, New York 10014
By:    Andrea B. Schwartz, Esq.

**FOX ROTHSCHILD LLP**
*Counsel for Chapter 7 Trustee*
100 Park Avenue, Suite 1500
New York, New York 10017
By:    Yann Geron, Esq.

**SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**

   Before the Court is a motion (the "Motion") [ECF No. 18] by the United States

Government (the "Government") seeking to dismiss Mr. Sterling's amended third-party

complaint (the "Amended Third-Party Complaint") in the above-captioned adversary

proceeding [ECF No. 11].[1]  Mr. Sterling's Amended Third-Party Complaint alleges that

certain named government officials negligently administered his Chapter 7 bankruptcy

case.  Mr. Sterling claims that these individuals improperly denied him a discharge of his

---

[1]   Unless otherwise specified, references to the Case Management/Electronic Case Filing ("ECF")
docket are to this adversary proceeding.

2

debts in his bankruptcy case and that he assigned his debts to the United States.  The

Government's Motion argues that Mr. Sterling's lawsuit is barred by the doctrine of

sovereign immunity.  The Government contends that the United States should be

substituted as the sole defendant pursuant to the Federal Tort Claims Act, but that Mr.

Sterling has failed to exhaust his administrative remedies for any such federal tort claims.

In addition, the Government asserts that Mr. Sterling's Amended Third-Party Complaint

fails to state a claim.  Mr. Geron, the Chapter 7 trustee and his counsel, Fox Rothschild

LLP, join in the Government's request to dismiss the Amended Third-Party Complaint

for failure to state a claim.[2]  For the reasons stated below, the Court grants the Motion

and dismisses the Amended Third-Party Complaint.

## BACKGROUND

On September 15, 2014, Mr. Sterling filed a voluntary bankruptcy petition under

Chapter 7 of the Bankruptcy Code.  *See* Voluntary Petition (Chapter 7) [Case No. 14-

12608, ECF No. 1].  On the same day, Yann Geron (the "Chapter 7 Trustee") was

appointed as interim Chapter 7 Trustee and later was appointed as the permanent Chapter

7 Trustee pursuant to 11 U.S.C. § 702(d).  *See* Complaint Objecting to Debtor's

Discharge Pursuant to 11 U.S.C. §§ 727(a)(3), 727(a)(5), and 727(a)(6) ("Trustee

Compl.") ¶ 15 [ECF No. 1].[3]  Shortly thereafter, Mr. Sterling filed his schedules of assets

and liabilities and statement of financial affairs.  *See* Schedules [Case No. 14-12608, ECF

---

[2]       *See* Joinder by Chapter 7 Trustee and his Counsel of Motion for an Order Dismissing Third-Party
Complaint (the "Joinder") [ECF No. 28].

[3]       These background facts are taken from the allegations in Mr. Sterling's Amended Third-Party
Complaint, the Trustee's Complaint, and filings in Mr. Sterling's Chapter 7 bankruptcy case and this
adversary proceeding.  For purposes of this Motion, all the allegations in Mr. Sterling's Amended Third-
Party Complaint are accepted as true.  The statements in the Trustee's Complaint are not taken for their
truth but rather only as allegations to help explain the posture of this adversary proceeding and Mr.
Sterling's bankruptcy case.

Nos. 8, 10]; Statement of Financial Affairs [Case No. 14-12608, ECF No. 8-1]; *see also*

Trustee Compl. ¶ 11.

In October 2014, the Chapter 7 Trustee convened the first meeting of creditors.

*See* Notice of 341(a) Meeting of Creditors [Case No. 14-12608, ECF No. 5]; *see also*

Trustee Compl. ¶ 26.  The United States Trustee alleges that, at the meeting, Mr. Sterling

was unable to clearly answer questions regarding where he had acquired the funds to

purchase one of the properties listed on Schedule A.  *See* Trustee Compl. ¶¶ 27–29.  The

United States Trustee alleges that Mr. Sterling claimed he had transferred the property to

the United States pursuant to 12 U.S.C. § 95.  *See id.* ¶ 30.  The United States Trustee

alleges that the Chapter 7 Trustee determined that he was unable to complete his

examination of Mr. Sterling and said he would inform Mr. Sterling of what information

would be needed at a later date.  *See id.* ¶ 31.

In January 2015, the Chapter 7 Trustee convened the second meeting of

creditors.  *See id.* ¶ 33.  The United States Trustee alleges that Mr. Sterling refused to

answer any questions at that meeting, stating that he did not consent to the questions and

that the matter had been discharged pursuant to 12 U.S.C. § 95a(2).  *See id.*  Mr. Sterling

subsequently filed a number of documents purporting to convey ownership of his debts to

the United States.  *See* Aff. of Fact and Surrender of the Alledge [sic] Debtor

Defendant/Legal Person/Legal Entity "Everton Aloysisus Sterling" ("Sterling Aff.") at 1–

3 [Case No. 14-12608, ECF No. 34]; Birth Registration Documents of Everton Sterling

[Case No. 14-12608, ECF No. 34-1]; *see also* Trustee Compl. ¶ 34 (listing documents

filed with the Clerk's Office).  Several of these documents were sent to various

departments of the New York State government and the federal government.  *See* Sterling

Aff. at 3.

In April 2015, the United States Trustee filed a Bankruptcy Rule 2004 application requesting various documents from Mr. Sterling, including federal and state tax returns, pay statements, documents relating to applications for credit, loans, or letters of credit, and books and records relating to any business in which Mr. Sterling had an interest.  *See* Application for FRBP 2004 Examination at 3 [Case No. 14-12608, ECF No. 37]; *see also* United States Trustee's Document Request, attached as Exh. B to Decl. of Richard Fox in Support of the Application for FRBP 2004 Examination [Case No. 14-12608, ECF No. 37-1].  The Court granted the application and directed Mr. Sterling to appear for an oral examination.  *See* Order, dated May 13, 2015 [Case No. 14-12608, ECF No. 38].  The United States Trustee alleges that Mr. Sterling failed to produce any of the documents requested or explain his failure to do so and that he failed to appear for the oral examination.  *See* Trustee Compl. ¶¶ 40–41.

During his bankruptcy case, the Court granted relief from the automatic stay to the note and mortgage holder as to three pieces of real property owned by Mr. Sterling. *See In re Everton Aloysius Sterling*, 543 B.R. 385 (Bankr. S.D.N.Y. 2015).  In that decision, the Court rejected various legal theories asserted by Mr. Sterling, including but not limited to his contention that he transferred his property to the United States under 12 U.S.C. § 95a(2) and his arguments associated with the so-called sovereign citizen movement.  *See id.* at 399–400.

In July 2015, the United States Trustee filed this adversary proceeding objecting to Mr. Sterling's discharge pursuant to Sections 727(a)(3), (a)(5), and (a)(6) of the Bankruptcy Code, for his alleged failure to produce information regarding his financial condition or business transactions, failure to account for the information contained in his Chapter 7 petition, his schedules, and statement of financial affairs, and failure to appear

5

for the oral examination.  *See* Trustee Compl. ¶¶ 47–48, 51, 56–58.  The merits of the

United States Trustee's Complaint have not yet been adjudicated.

In August 2015, Mr. Sterling filed his Third-Party Complaint, which includes four

counterclaims.  *See* Third-Party Compl. ¶¶ 24–35 [ECF No. 3].  The Third-Party

Complaint names four defendants: (1) William K. Harrington, "the Plaintiff Trustee in

the Adversarial Proceeding" (the "United States Trustee");[4] (2) Jacob Lew, Secretary of

the Treasury; (3) Yann Geron, Chapter 7 Trustee; and (4) Richard W. Fox, a former trial

attorney at the Office of the United States Trustee.  *See id.* ¶¶ 3–6.  The first claim alleges

that the United States Trustee negligently failed to afford Mr. Sterling relief from his

debts, as required by federal statutes, including 12 U.S.C. § 95(a)(2), 18 U.S.C. § 8, 31

U.S.C. § 3113, and House Joint Resolution (HJR) 192, June 5, 1933.  *See id.* ¶¶ 14, 24–

25.  The second claim alleges malfeasance by the United States Trustee for failing to

discharge Mr. Sterling's debts, pursuant to the same laws that he cites to as a basis for the

negligence claim.  *See id.* ¶¶ 26–28.  The third claim alleges that the United States

Trustee breached his fiduciary duty by failing to discharge Mr. Sterling's debts.  *See id.*

¶¶ 29–32.  Finally, the fourth claim alleges abuse of process by the United States Trustee

for failing to acknowledge Mr. Sterling's affidavits in support of the discharge of his

debts.  *See id.* ¶¶ 33–35.  Mr. Sterling seeks relief in the form of indemnification and

discharge from his debt obligations.  *See id.* ¶¶ 38–39.

Mr. Sterling subsequently filed the Amended Third-Party Complaint, which

added Loretta E. Lynch, United States Attorney General, and Thomas J. Curry,

---

[4]      Mr. Sterling did not name Mr. Harrington as a defendant in the caption of his Third-Party
Complaint, but Mr. Harrington is referred to by name within the body of the Third-Party Complaint.  *See*
Third-Party Compl. ¶ 3.

Comptroller of the Currency, as third-party defendants. *See* Amended Third-Party

Compl. ¶¶ 7–8. While not explicitly stated in the Amended Third-Party Complaint, it

appears that Mr. Sterling alleges negligence by the Attorney General and the Office of

the Comptroller of the Currency (the "OCC") for failing to ensure his debts were

discharged. *See id.* ¶¶ 26–34.[5] Mr. Sterling also contends that the United States Trustee

erred by failing to include the Secretary of the Treasury, the Attorney General, the

Department of Justice, and the OCC in its complaint as proper parties and that it

misapplied the Bankruptcy Code in denying Mr. Sterling the discharge of his debts. *See*

Third-Party Compl. ¶ 34; Amended Third-Party Compl. ¶¶ 45–46.

　　　　The Government filed its Motion seeking dismissal of Mr. Sterling's Amended

Third-Party Complaint for lack of subject matter jurisdiction and failure to state a claim

under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. *See* Motion

at 7. As an initial matter, the Government argues that Mr. Sterling's claims against these

federal employees acting in their official capacity sound in tort and, therefore, he is

required to bring such claims under the Federal Tort Claims Act (the "FTCA"). *See id.* at

5–6. Under the FTCA, the Government argues that it should be substituted as the sole

defendant, and such FTCA claims are barred for lack of subject matter jurisdiction

because Mr. Sterling failed to first exhaust his administrative remedies as required under

28 U.S.C. § 2675(a). *See id.* at 5–6, 10–11. As part of its Motion, the Government filed

declarations from representatives for the OCC, the Department of Justice, the Department

of the Treasury, and the Office of the United States Trustee, with each declaration stating

---

[5]　　　　Mr. Sterling's Amended Third-Party Complaint contains the same allegations as those in his
original Third-Party Complaint, in addition to adding two defendants, the United States Attorney General
and Office of the Comptroller of the Currency, as discussed above. The Court will cite to both the original
Third-Party Complaint and the Amended Third-Party Complaint, as appropriate.

that none of these agencies had received notice of a claim under the FTCA from Mr.

Sterling. *See* Decl. of Beth Ann Reisberg ("Reisberg Decl.") ¶ 6 [ECF No. 19]; Decl. of

Elijah Jenkins ("Jenkins Decl.") ¶ 3 [ECF No. 20]; Decl. of Brian J. Sonfield ("Sonfield

Decl.") ¶ 2 [ECF No. 21]; Decl. of Paul Bridenhagen ("Bridenhagen Decl.") ¶ 4 [ECF

No. 26]. The Government also argues that Mr. Sterling fails to state a claim for

negligence, abuse of process, breach of fiduciary duty, or malfeasance under New York

law. *See* Motion at 13–18. The Government notes that Mr. Sterling's claims rely

primarily on "redemptionist" or "sovereign citizen" legal theories that have consistently

been rejected by courts. *See id*. at 13–15. Finally, the Government argues that Mr.

Sterling's malfeasance claim to the extent it alleges any sort of misrepresentation or

deceit, and his abuse of process claim, are barred for lack of subject matter jurisdiction

because the FTCA does not waive the Government's sovereign immunity for such

intentional torts. *See id.* at 9–10.

Mr. Sterling subsequently filed a motion to strike, which the Court will treat as an

opposition to the Motion. *See* Motion to Strike [ECF No. 36]. Mr. Sterling argues that

the Government should not be substituted as the defendant because he asserts claims

against the individually named defendants, not the United States. *See id*. at 2, 15.[6] Mr.

Sterling also urges that the declarations submitted by the Government should not be

admitted, arguing that those individuals lack the knowledge or standing to submit such

evidence. *See id*. at 2, 12–13.

---

[6]     The Motion to Strike is not paginated and thus, for purposes of clarity, the Court refers to the ECF
page numbers associated with the Motion.

## DISCUSSION

### A. Legal Standards

Federal Rule of Civil Procedure 12(b)(1), applicable to bankruptcy proceedings

under Federal Rule of Bankruptcy Procedure 7012(b), provides for dismissal for lack of

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); Fed. R. Bankr. P. 7012(b). As

the party seeking to invoke the jurisdiction of the court, the plaintiff bears the burden of

establishing subject matter jurisdiction. *See Makarova v. United States*, 201 F.3d 110,

113 (2d Cir. 2000). Dismissal for lack of subject matter jurisdiction is appropriate when

the "court lacks the statutory or constitutional power to adjudicate it." *Id.* "When

considering a motion to dismiss for lack of subject matter jurisdiction . . . a court must

accept as true all material factual allegations in the complaint." *Shipping Fin. Servs.*

*Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). In addition, a court "may consider

affidavits and other materials beyond the pleadings to resolve the jurisdictional question."

*Margiotta v. Kaye*, 283 F. Supp. 2d 857, 861 (E.D.N.Y. 2003).

"It is axiomatic that the United States may not be sued without its consent and

that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*,

463 U.S. 206, 212 (1983). The FTCA, however, waives the sovereign immunity of the

United States for tort claims by providing jurisdiction in the federal courts for:

> claims against the United States, for money damages . . . for . . . injury or
> loss of property, or personal injury or death caused by the negligent or
> wrongful act or omission of any employee of the Government while acting
> within the scope of his office or employment, under circumstances where
> the United States, if a private person, would be liable to the claimant in
> accordance with the law of the place where the act or omission occurred.
> 28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674 ("The United States shall
> be liable, respecting the provisions of this title relating to tort claims, in the
> same manner and to the same extent as a private individual under like
> circumstances.").

*Liranzo v. United States*, 690 F.3d 78, 85 (2d Cir. 2012).  The FTCA provides the

*exclusive* remedy for such claims.  *See* 28 U.S.C. § 2679(b)(1); *see also Carelock v.*

*United States*, 2015 WL 5000816, at *4 (S.D.N.Y. Aug. 20, 2015) ("Under the FTCA,

the exclusive remedy for personal injury arising or resulting from the negligent or

wrongful act or omission of any employee of the Government while acting within the

scope of his office or employment is a lawsuit against the United States.") (internal

quotations and citation omitted).  The FTCA waiver of sovereign immunity includes

claims of negligence committed by federal employees in the course of their employment.

*See Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006); 28 U.S.C. § 1346(b)(1).  "The

United States' waiver of immunity under the FTCA 'is to be strictly construed in favor of

the government.'"  *Liranzo*, 690 F.3d at 84 (quoting *Long Island Radio Co. v. NLRB*, 841

F.2d 474, 477 (2d Cir. 1988)).

      "When federal employees are sued for damages for harms caused in the course of

their employment, the [FTCA] generally authorizes substitution of the United States as

the defendant."  *Hui v. Castaneda*, 559 U.S. 799, 801 (2010).  "The FTCA, however,

precludes tort suits against federal agencies.  The only proper federal institutional

defendant in such an action is the United States."  *Rivera v. United States*, 928 F.2d 592,

609 (2d Cir. 1991) (citing 28 U.S.C. § 2679(a)).  The Attorney General is authorized

under 28 U.S.C. § 2679(d) to certify that a federal employee named in a civil suit was

acting within the scope of his or her employment when performing the conduct that

serves as the basis for the suit.  *See* 28 U.S.C. § 2679(d)(1).  On certification, the United

States is substituted as the party defendant.  *See id.*; *Osborn v. Haley*, 549 U.S. 225, 241

(2007).  Assuming officials were acting within the scope of government business, courts

have regularly upheld certifications for substitution under the FTCA, even for intentional

conduct. *See, e.g., Asto v. Mirandona,* 372 F. Supp. 2d 702, 710 (E.D.N.Y. 2005)

(finding, based on the record, "any allegedly defamatory statements made by [the federal

employee] were made within the scope of his employment," and upholding certification

by the United States Attorney and concluding the United States was properly substituted

as the party defendant).

Before filing a federal tort claim against the Government, the FTCA requires that

a plaintiff exhaust his or her administrative remedies by presenting the claim to the

appropriate federal agency and having the agency render a decision on that claim. *See* 28

U.S.C. § 2675(a). The relevant federal regulation provides that

> a claim shall be deemed to have been presented when a Federal agency
> receives from a claimant, his duly authorized agent or legal representative,
> an executed Standard Form 95 or other written notification of an incident,
> accompanied by a claim for money damages in a sum certain for injury to
> or loss of property, personal injury, or death alleged to have occurred by
> reason of the incident . . . .

28 C.F.R. § 14.2(a). As the Supreme Court has observed, the presentment requirement of

Section 2675 is intended to increase the judicial system's efficiency by offering agencies

the opportunity to resolve claims before they reach the courts. *See McNeil v. United*

*States*, 508 U.S. 106, 111–12 (1993); S. Rep. No. 89-1327, at 2 (1966), *as reprinted in*

U.S.C.C.A.N. 2515, 2516 (the claim exhaustion requirement is intended to "ease court

congestion and avoid unnecessary litigation, while making it possible for the Government

to expedite the fair settlement of tort claims asserted against the United States.").

Accordingly, "[a]ny limitations imposed by the waiver statute, whether they be

substantive, procedural, or temporal, are to be strictly applied against the claimant."

*Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 719 (2d Cir. 1998).

Federal Rule of Civil Procedure 12(b)(6), is also applicable under Federal Rule of

Bankruptcy Procedure 7012.  It provides that a complaint must be dismissed if it fails to

state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  Courts

deciding a motion to dismiss for failure to state a claim must accept all factual allegations

as true and draw all reasonable inferences in favor of the non-moving party.  *See Ganino*

*v. Citizens Utilities Co.*, 228 F.3d 154, 161 (2d Cir. 2000); *Hilaturas Miel, S.L. v.*

*Republic of Iraq*, 573 F. Supp. 2d 781, 797 (S.D.N.Y. 2008).  "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[T]his does not mean

that a claim must contain detailed factual allegations to survive a Rule 12(b)(6) motion to

dismiss."  *Eastman Chem. Co. v. Nestle Waters Mgmt. & Tech.*, 2012 WL 4474587, at *4

(S.D.N.Y. Sept. 28, 2012) (internal quotations and citation omitted).  Rather, a claim is

facially plausible "when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*,

556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  Whether a claim is facially plausible

is a "context-specific task that requires the reviewing court to draw on its judicial

experience and common sense."  *Id*. at 679.  Meeting the plausibility standard requires a

complaint to plead facts that show "more than a sheer possibility that a defendant has

acted unlawfully."  *Id.* at 678.  "A pleading that offers labels and conclusions or a

formulaic recitation of the elements of a cause of action will not do."  *Id.* (internal

quotations and citation omitted).  Likewise, "[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing

*Twombly*, 550 U.S. at 555).

In determining whether to dismiss a case under Rule 12(b)(6), courts may consider documents incorporated by reference or attached to the complaint as well as "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Halebian v. Berv*, 644 F.3d 122, 130 n.7 (2d Cir. 2011) (citation omitted). "Although 'complaints drafted by *pro se* plaintiffs are to be construed liberally, [ ] they must nonetheless be supported by specific and detailed factual allegations sufficient to provide the court and the defendant with' a fair understanding of the conduct at issue and the basis for recovery." *In re Residential Capital, LLC*, 2013 WL 5273128, at *4 (Bankr. S.D.N.Y. Sept. 18, 2013) (quoting *Kimber v. GMAC Mortg., LLC* (*In re Residential Capital, LLC*)*,* 489 B.R. 489, 494 (Bankr. S.D.N.Y. 2013); *see also Barone v. United States*, 2014 WL 4467780, at *5 (S.D.N.Y. Sept. 10, 2014) (stating the court is required to construe a *pro se* plaintiff's allegations liberally but "[n]onetheless, pro se plaintiffs must satisfy the requirement of Rule 12(b)(6) that the complaint must be plausible on its face.").

## B. The Amended Third-Party Complaint Must be Dismissed Given Sovereign Immunity and the Failure to Exhaust Under the FTCA

In his Amended Third-Party Complaint and subsequent filings, Mr. Sterling maintains that he has no claims against the Government, nor any claim under the FTCA. *See* Third-Party Compl. ¶¶ 3–6, 24–35; Amended Third-Party Compl. ¶¶ 3–8; Motion to Strike at 2, 10, 15. Instead, he argues that he has claims against individual government officials for actions related to the administration of his Chapter 7 bankruptcy filing. *See* Third-Party Compl. ¶¶ 3–6, 24–35; Amended Third-Party Compl. ¶¶ 3–8, 16–17, 35–46; Motion to Strike at 2, 10, 15.

13

For its part, the Government requests that the Court certify under the FTCA that the defendants United States Trustee Harrington, Attorney General Lynch, Comptroller Curry, Secretary Lew, and Mr. Fox acted in their official capacities under 28 U.S.C. § 2679(d)(3). This section allows an employee to petition the court to find and certify that the employee was acting within the scope of his or her office or employment. *See B & A Marine Co. v. Am. Foreign Shipping Co.*, 23 F.3d 709, 715 (2d Cir. 1994) ("[I]n the absence of a certification by the Attorney General, the statute [28 U.S.C. § 2679] permits the court to certify.") (citing 28 U.S.C. § 2679(d)(3)); *see also Cates v. Williams,* 2009 WL 723021, at *5 (S.D.N.Y. Mar. 19, 2009) ("An express petition for certification is not required and a brief on behalf of named defendants may serve as a petition to certify that they were employees acting within the scope of their employment.").

The Court finds that such certification is proper here. The Amended Third-Party Complaint only alleges negligent or wrongful conduct by these individuals while acting in the scope of their employment as Government employees.[7] For example, Count I alleges negligence by the United States Trustee for failure to execute certain laws in the administration of Mr. Sterling's bankruptcy case. *See* Amended Third-Party Compl. ¶¶ 35–36; Third-Party Compl. ¶¶ 24–25. Similarly, Count II alleges malfeasance by the United States Trustee in his "official duty," and Count III alleges a breach of fiduciary duty by the United States Trustee, stating he may be sued in his "official capacit[y]" as the representative of the estate. *See* Amended Third-Party Compl. ¶¶ 37–43; Third-Party Compl. ¶¶ 26–32. Finally, Count IV alleges abuse of process for the United States

---

[7]        The Government's Motion states that the U.S. Attorney would be willing to provide the certification itself if the Court so requests. *See* Motion at 7 n.8. But the Court concludes that such a step is not necessary given that the Amended Third-Party Complaint only alleges conduct by federal employees within the scope of their employment.

Trustee's supposed "misapplication" of the Bankruptcy Code. *See* Amended Third-Party Compl. ¶¶ 44–46; Third-Party Compl. ¶¶ 33–35. As all of these claims complain of negligent or wrongful acts by federal employees acting within the scope of their employment, Mr. Sterling's sole remedy is a suit against the United States. *See* 28 U.S.C. §§ 1346(b)(1), 2679(b)(1); *see also Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994) ("[A] claimant's exclusive remedy for nonconstitutional torts by a government employee acting within the scope of his employment is a suit against the government under the FTCA."). Therefore, the Court agrees that the United States must be substituted as the defendant pursuant to 28 U.S.C. § 2679(d).

Properly construing Mr. Sterling's Amended Third-Party Complaint as a tort claim against the United States, the FTCA requires that he present his claims to the proper agency before filing a suit in civil court. *See* 28 U.S.C. § 2675(a). This requirement is jurisdictional. *See Vailette v. Lindsay*, 2014 WL 4101513, at *5 (E.D.N.Y. Aug. 18, 2014). Accompanying the Motion, the Government submitted declarations from each agency that Mr. Sterling named as defendants, confirming that Mr. Sterling has not submitted an administrative claim to that agency pursuant to 28 U.S.C. § 2675(a). *See* Reisberg Decl. ¶ 6; Jenkins Decl. ¶ 3; Sonfield Decl. ¶ 2; Bridenhagen Decl. ¶ 4. These declarations confirm that none of the individuals or agencies named as defendants received "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain" as required under federal regulations. 28 C.F.R. § 14.2(a). Mr. Sterling's failure to submit a claim is critical given that the Second Circuit has noted that this requirement must be "adhered to strictly." *Keene Corp. v. United States,* 700 F.2d 836, 841 (2d Cir. 1983).

The only submission that Mr. Sterling appears to have made to a federal agency is one to the OCC, which appears to have simply received a copy of a state court filing made in the matter of *222 Funding Associates v. Latou Realty Corp., Everton, Sterling, et. al.*, in the Supreme Court of the State of New York, Bronx County, titled "ALL ASSETS IN THE NAME OF LATOU REALTY CORP., EVERTON STERLING/, SECURED PARTY INTERST HAS BEEN ASSIGNED TO THE UNITED STATES OF AMERICA PURSUANT TO 12 U.S.C. 95 a §2." *See* Reisberg Decl. ¶ 7. While Mr. Sterling's submission to the OCC stated that he assigned his debts to the United States, Mr. Sterling did not include information necessary to administer his claim. *See* Reisberg Decl. ¶ 11.

The materials sent to the OCC fail to meet the legal requirements for a claim in several respects. First, the material sent to the OCC lacks any context regarding its content or why the OCC received it. *See* Reisberg Decl. ¶¶ 7, 10–11. Second, the material lacks any detailed information about the content of the alleged claim and indeed it is not entirely clear how it relates to the Amended Third-Party Complaint allegations against the United States Trustee. *See id.* ¶¶ 7, 10–11. Before the OCC could attempt to investigate Mr. Sterling's claim, therefore, it would first have to determine what the materials were, investigate their relationship to the OCC, and determine why Mr. Sterling submitted them. Putting the burden of such an investigation on the OCC or any other agency would require a substantial reallocation of resources from normal agency objectives and activities to the investigation of FTCA claims. *See Santiago-Ramirez v. Sec'y of Dep't of Defense*, 984 F.2d 16, 19 (1st Cir. 1993) (stating to satisfy notice requirement under Section 2675, the agency "must have enough information that it may reasonably begin an investigation of the claim."); *Warren v. U.S. Dep't of Interior*

*Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984) (stating Section 2675(a) "requires the claimant . . . to file (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim."). Courts have consistently rejected excusing the claim exhaustion requirement in instances like this. *See, e.g., Yunkeung Lee v. United States*, 570 F. App'x 26, 27 (2d Cir. 2014) (finding plaintiff did not exhaust administrative remedies under Section 2675(a) where he did not respond to multiple requests for supporting documentation and had only provided the agency with "conclusory statements"); *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 455, 458 (3d Cir. 2010) (rejecting an exception to the claim exhaustion requirement where the claimant did not submit complete information regarding the sum of her claim).

Therefore, because the claim exhaustion requirement is jurisdictional, and Mr. Sterling has failed to meet it, the Court lacks subject matter jurisdiction over the claims in the Amended Third-Party Complaint. *See, e.g., Mohamed v. F.B.I.*, 2015 WL 6437369, at *6 (S.D.N.Y. Oct. 21, 2015) (concluding it lacked jurisdiction over FTCA claims because the *pro se* plaintiff did not exhaust his administrative remedies before filing suit), *appeal filed* (2d Cir. Nov. 20, 2015).[8]

### C. The Amended Third-Party Complaint Must be Dismissed for Failure to State a Claim Upon Which Relief Can be Granted

Even if the Court were somehow to excuse Mr. Sterling from the FTCA's claim exhaustion requirement, the Amended Third-Party Complaint must still be dismissed for

---

[8]      The Court notes that as to Mr. Sterling's abuse of process claim, the United States also has not waived its sovereign immunity for such an intentional tort claim and it must be dismissed for lack of subject matter jurisdiction. *See* 28 U.S.C. § 2680(h); *see also Wilson v. United States*, 959 F.2d 12, 14 (2d Cir. 1992) (citing statute).

failure to state a claim.  To successfully plead a claim to relief, a complaint must state on

its face sufficient facts to establish "more than a sheer possibility that a defendant has

acted unlawfully."  *Iqbal*, 556 U.S. at 678.  As a threshold matter, all of Mr. Sterling's

complaints relate to the denial of his discharge in his bankruptcy case.  *See* Third-Party

Compl. ¶¶ 24–35; Amended Third-Party Compl. ¶¶ 35–46.  But the question of whether

he is eligible to receive a discharge has not yet been decided; the United States Trustee

has filed this adversary proceeding seeking to deny him a discharge but the merits of the

non-dischargeability lawsuit have not yet been litigated by this Court.  *See* Trustee

Compl. ¶¶ 43–48, 50–51, 53–58 (relying on Sections 727(a)(3), (a)(5), and (a)(6) of the

Bankruptcy Code to deny Mr. Sterling a discharge); *cf. Binder & Binder, P.C. v. Finnie*

*(In re Finnie)*, 2007 Bankr. LEXIS 1895, at *26 (Bankr. S.D.N.Y. May 29, 2007) (stating

that because plaintiff sought "a remedy that is, at best, contingent on future and uncertain

developments, its cause of action against the [d]ebtor does not present a ripe controversy

and should be dismissed.").

Moreover, Mr. Sterling's claims are fatally flawed as a matter of law.  Mr.

Sterling relies on several statutes and other authority that are common to arguments

asserted by sovereign citizen groups.  *See* Third-Party Compl. ¶¶ 7, 14–15, 17; Amended

Third-Party Compl. ¶¶ 9, 16–17, 19, 31, 48.  Courts have uniformly rejected such

arguments.  *See Paul v. New York*, 2013 WL 5973138, at *3 (E.D.N.Y. Nov. 5, 2013)

(rejecting plaintiff's contentions and holding that "sovereign citizens" are "subject to the

laws of the jurisdiction in which they reside") (citation omitted) (citing cases); *see also*

*Gauthier v. Kirkpatrick*, 2013 WL 6407716, at *17 n.18 (D. Vt. Dec. 9, 2013) (noting

courts have described sovereign citizen ideology as "completely without merit," "patently

frivolous," and "having no conceivable validity in American law") (citations omitted).

18

This Court has previously addressed and rejected Mr. Sterling's sovereign citizen arguments in his underlying bankruptcy case. *See In re Everton Aloysius Sterling*, 543 B.R. at 399 n.9 (finding Mr. Sterling's arguments to be similar to those raised by proponents of the sovereign citizen movement and stating "[s]uch arguments have been uniformly rejected by the courts.").

Indeed, some of the arguments raised by Mr. Sterling in his Amended Third-Party Complaint are the same ones that were specifically addressed and rejected in the Court's prior decision. For example, in his Amended Third-Party Complaint, Mr. Sterling frequently cites 12 U.S.C. § 95a(2). *See* Amended Third-Party Compl. ¶¶ 9, 16, 17, 19, 31, 48; *see also* Third-Party Compl. ¶¶ 7, 14–15, 17. But this statute is omitted from the current version of the United States Code. Even before it was omitted, however, the statute related to the President's authority to regulate transactions involving foreign parties during times of war. *See In re Everton Aloysius Sterling*, 543 B.R. at 399; *Whitfield v. Lopez*, 2015 WL 6128866, at *4 (E.D.N.Y. Oct. 16, 2015) (concluding plaintiff did not have a right of action under Section 95a(2) as that statute authorized "the President of the United States to regulate foreign transactions during war time" and dismissing plaintiff's claims under that statute as frivolous). Mr. Sterling's claims do not involve foreign parties, nor do they relate to an international conflict.

Mr. Sterling is no more successful in his reliance on 18 U.S.C. § 8. That statute addresses what constitutes an obligation or other security of the United States:

> The term "obligation or other security of the United States" includes all bonds, certificates of indebtedness, national bank currency, Federal Reserve notes, Federal Reserve bank notes, coupons, United States notes, Treasury notes, gold certificates, silver certificates, fractional notes, certificates of deposit, bills, checks, or drafts for money, drawn by or upon authorized officers of the United States, stamps and other representatives of value, of

whatever denomination, issued under any Act of Congress, and canceled
United States stamps.

18 U.S.C. § 8; *see* Third-Party Compl. ¶¶ 7, 14–15, 17; Amended Third-Party Compl. ¶¶

9, 16, 17, 19, 31, 48.  As this statute applies only to publicly issued obligations, it does

not relate to any private obligation held by Mr. Sterling.  Indeed, Mr. Sterling presents no

plausible explanation as to why and how the United States would assume his personal

debt obligations.  *See* Third-Party Compl. ¶¶ 10–11, 13–16; Amended Third-Party

Compl. ¶¶ 15, 18, 30–32; Motion to Strike at 12; *cf. In re Everton Aloysius Sterling*, 543

B.R. at 399 (rejecting Mr. Sterling's argument that he had transferred all his property to

the United States where his "proof" of the transfer was various documents and UCC

filings he had prepared, published and recorded alleging that he assigned property to the

United States of America).

A third statute Mr. Sterling cites is 31 U.S.C. § 3113(a), which provides in part

that "the people of the United States" may "make gifts to the United States Government

to be used to reduce the public debt . . . ."  31 U.S.C. § 3113(a); *see* Third-Party Compl.

¶¶ 7, 14–15, 17, 37; Amended Third-Party Compl. ¶¶ 9, 16, 17, 19, 31, 48.  The statute

also provides that "[t]he Secretary and the Administrator each may reject a gift under this

section when the rejection is in the interest of the Government."  31 U.S.C. § 3113(b).

The Court cannot fathom how this statute would support Mr. Sterling's claim that the

United States Government is somehow responsible for his debts.  Finally, Mr. Sterling

cites House Joint Resolution (HJR) 192, June 5, 1933, which relates to the exchange of

Federal Reserve notes for gold.  *See* Third-Party Compl. ¶¶ 7, 14–15, 17, 37; Amended

Third-Party Compl. ¶¶ 9, 16, 17, 19, 31, 48.  Once again, however, this joint resolution

does not relate to the debts of Mr. Sterling.

Thus, whether taken individually or together, these legal authorities do not support in any way Mr. Sterling's claim that the United States Government—or the named individual defendants—improperly denied him a discharge or otherwise improperly failed to recognize that he had transferred his debts to the United States.  Nor has Mr. Sterling even attempted to set forth the elements under New York law for the tort theories in his Amended Third-Party Complaint.  Thus, Mr. Sterling has failed to allege any plausible claims against the individual Government defendants, Mr. Geron, and his counsel Fox Rothschild.  *See* Amended Third-Party Compl. ¶¶ 35–46; *see also Iqbal*, 556 U.S. at 678.  As Mr. Sterling has failed to state a claim upon which relief can be granted the Amended Third-Party Complaint must be dismissed under Rule 12(b)(6).  *See Megna v. Food & Drug Admin.*, 2009 WL 749900, at *1 (E.D.N.Y. Mar. 17, 2009), *aff'd sub nom. Megna ex rel. Megna v. Food & Drug Admin.*, 377 F. App'x 113 (2d Cir. 2010) (dismissal of claim was proper where no federal cause of action existed to support the claim).

## CONCLUSION

For the reasons stated above, the claims in the Amended Third-Party Complaint are barred by the doctrine of sovereign immunity and fail to state claims for which relief can be granted.  Therefore, the Court grants the Government's motion to dismiss and the relief requested in the Joinder.  The Government shall submit a proposed order consistent with this Decision.  The proposed order must be submitted by filing a notice of the proposed order on the Case Management/Electronic Case Filing docket, with a copy of

the proposed order attached as an exhibit to the notice.  A copy of the notice and

proposed order shall also be served upon Mr. Sterling.

Dated: New York, New York
         October 19, 2016


                                        */s/ Sean H. Lane*_____
                                        UNITED STATES BANKRUPTCY JUDGE